IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

AMELIA STEWART                                                                                           PLAINTIFF
O/B/F T.D.F.


V.                                                                           CAUSE NO. 3:14-CV-349-CWR-LRA

CAROLYN W. COLVIN,                                                                                    DEFENDANT
**Acting Commissioner of Social Security**


### ORDER

Before the Court is the plaintiff's Motion for Attorney's Fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.  Docket No. 19.  The defendant objected. Docket No. 20.

Pursuant to 28 U.S.C. § 2412(d)(1)(B),

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection.

Because § 2412 operates as a waiver of the federal government's immunity from suits for attorney's fees, the Fifth Circuit has held that its 30-day filing deadline "is to be strictly construed." *Clifton v. Heckler*, 755 F.2d 1138, 1144 (5th Cir. 1985).  Compliance with the statutory time limitation is a jurisdictional prerequisite to an award of fees. *Id.* at 1145.

The EAJA 30-day time limitation begins to run after entry of the final judgment and at the expiration of the 60-day appeal period. *Freeman v. Shalala*, 2 F.3d 552, 554 (5th Cir. 1993) (citation and quotation marks omitted).  Thus, a plaintiff must file an application for attorney's fees within 90 days after entry of a final judgment. *Carter v. Bowen*, 733 F. Supp. 1084, 1086

1

(S.D. Miss. 1990) (citing *Russell v. Nat'l Mediation Board*, 764 F.2d 341, 349 (5th Cir. 1985), *vacated on other grounds and remanded*, 775 F.2d 1284 (5th Cir. 1985)).  The 90-day time limitation "is derived from the addition of the Federal Rules of Appellate Procedure Rules 4(a) period of 60 days plus the EAJA period of 30 days."  *Id.*  A remand pursuant to the fourth sentence of § 405(g), as in this case, "constitutes a final judgment that triggers the filing period for a § 2412 fee application."  *Freeman*, 2 F.3d at 553 (5th Cir. 1993) (citation and quotation marks omitted).

In this case, Final Judgment was rendered on September 25, 2015.  Therefore, the plaintiff had until December 28, 2015 to file her application for attorney's fees.  The plaintiff, however, filed her application on April 19, 2015, almost four months after the limitation period expired.  For this reason, the plaintiff's application must be denied.

**SO ORDERED**, this the 4th day of August, 2016.

s/ Carlton W. Reeves<br>UNITED STATES DISTRICT JUDGE